IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DESIRAE BUYAK, et al.,

    Plaintiffs,

v.

ORGANON USA INC., a corporation, ORGANON PHARMACEUTICAL USA INC., a corporation, ORGANON BIOSCIENCES N.V., a Netherlands corporation, AKZO NOBEL N.V., a Netherlands corporation, SCHERING PLOUGH CORPORATION, a corporation, MERCK & COMPANY, INC., a corporation, McKESSON CORPORATION, a corporation, and DOES 1-100, inclusive,

    Defendants.

No. C 13-03128 WHA

**ORDER GRANTING MOTION TO STAY AND VACATING HEARING**

In this pharmaceutical products-liability action, defendant moves to stay proceedings pending a possible transfer to an MDL. For the reasons stated below, defendant's motion to stay is **GRANTED**. The hearing on September 12, 2013, is **VACATED**.

Plaintiffs filed a complaint in the Superior Court of the State of California for the County of San Francisco in June 2013 for alleged injuries from the use of NuvaRing, an implantable pharmaceutical product. Among other defendants, plaintiffs filed suit against McKesson Corporation, a California-based pharmaceutical distributor. Defendants Organon USA Inc. and Merck & Co, Inc. removed the action to federal court on fraudulent joinder grounds and now move to stay this action pending a conditional transfer to the NuvaRing MDL pending

in the United States District Court for the Eastern District of Missouri. Plaintiffs then filed a motion to remand, arguing that this Court should first consider the merits of its remand motion before entertaining any stay of these proceedings.

Our court of appeals has not yet addressed whether courts must first decide the merits of a motion to remand before determining whether to stay the proceedings. Generally speaking, a stay is warranted if this would serve judicial economy. *See, e.g.*, *In re Iphone Application Litig.*, No. 10-5878, 2011 WL 2149102, at *2 (N.D. Cal. May 31, 2011) (Judge Lucy Koh). In the NuvaRing litigation, some judges in this district have granted a stay pending transfer to the MDL. *Tucker v. Organon*, No. 13-728, 2013 WL 2255884 (N.D. Cal. May 22, 2013) (Judge Sandra Armstrong); *Burton v. Organon*, No. 13-1535, 2013 WL 1963954 (N.D. Cal. May 10, 2013) (Judge Phyllis Hamilton); and *Clarke v. Organon*, No. 13-2290, 2013 WL 3475948 (N.D. Cal. July 10, 2013) (Judge Claudia Wilken).

Plaintiffs nonetheless contend that a stay should be denied. They rely mainly on *Marble*, a prior decision by the undersigned judge in which an action involving NuvaRing was remanded and stay was denied. *Marble v. Organon USA, Inc.*, No. 12-2213, 2012 WL 2237271 (N.D. Cal. June 15, 2012). *Marble*, however, was the first NuvaRing case in which McKesson was a defendant. It held that "[b]ecause no other case in the MDL thus far has presented the McKesson issue, there is no economy in sending this action to MDL for resolution." *Marble*, 2012 WL 2237271 at *3.

Circumstances have since changed. Numerous actions involving NuvaRing in which McKesson was a named defendant have now been transferred to the MDL. The question of whether McKesson is a proper defendant is being considered by the MDL. Decisions concerning that question by other courts could lead to inconsistency in judicial rulings. This order therefore finds that judicial economy and consistency would be served by a stay pending transfer to the MDL.

Plaintiffs will not be greatly prejudiced by this brief stay pending the determination to transfer by the Judicial Panel on Multidistrict Litigation. If transferred, the MDL can efficiently deal with jurisdictional issues such as fraudulent joinder; if not, then this Court can.

For these reasons, defendants' motion is **GRANTED**. The present action and plaintiffs' motion to remand are stayed pending the JPML's decision on transferring the case. The hearing on September 12, 2013, is **VACATED**.

**IT IS SO ORDERED.**

Dated: August 14, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE